## A02A0848. THE STATE v. FOSTER.
(566 SE2d 418)

BLACKBURN, Chief Judge.

In this DUI prosecution, the State appeals the trial court's grant of Michael Foster's motion to suppress the results of certain field sobriety tests, contending that Foster was not under arrest at the time the tests were administered and, as such, was not entitled to be read his *Miranda*[1] rights beforehand. For the reasons set forth below, we reverse.

On appeal from a denial of a motion to suppress, this Court must construe the evidence most favorably to uphold the ruling of the trial court. *State v. Winnie*.[2] Furthermore, the trial court's application of law to facts which are undisputed is subject to de novo review. Id.

The record shows that, on the evening of November 12, 1999, Officer W. G. Kinney was working at a sports bar named Barnacle's as a security guard. Although officially off duty, Officer Kinney was dressed in his full uniform and a badge. While Officer Kinney was stationed at the door, Foster and a friend walked by him shortly after they had been asked to leave by bar management. Noticing that the men were visibly drunk, Officer Kinney advised them not to drive, and a cab was called. When the cab arrived, however, Foster and his

---

friend refused to take it, and they explained that the friend's wife was on her way to pick them up from the bar.

While waiting for their ride, Foster and his friend asked Officer Kinney if they could wait in the friend's car. Officer Kinney agreed and instructed the men to sit in the backseat of the car only. At that point, Officer Kinney admonished Foster that he would arrest him for DUI if he drove the car anywhere. Shortly thereafter, Officer Kinney saw Foster and his friend climb into the front seat of the car, and Foster drove the car away. Officer Kinney then got into his police car, pursued Foster, and found him parked behind a building.

By the time Officer Kinney arrived, Foster and his friend had returned to the backseat of the car. When Officer Kinney approached the car, Foster stated that he had not been driving. Officer Kinney then told Foster that he had seen him driving and asked him to step out of the car. At that time, Foster repeated that he had not been driving and that he and his friend had simply been waiting for his friend's wife. Officer Kinney then asked Foster to perform certain field sobriety tests. When this request was made, Officer Kinney used no threats or force of any kind. Foster agreed to the field sobriety tests and failed them. It is undisputed that Officer Kinney did not read Foster's *Miranda* rights before these tests.

Once the field sobriety tests were completed, Officer Kinney informed Foster that he was under arrest, read the implied consent notice to him, and took him to the station where he agreed to take an Intoxilyzer 5000 test. The results of the Intoxilyzer test showed that Foster's blood alcohol level was above the legal limit. Foster scored 0.105 on each of two tests.[3]

Subsequent to his arrest, Foster made a motion to suppress the field sobriety tests, arguing that: (1) he was in custody when the tests were performed and (2) he was not read his *Miranda* rights prior to the administration of the tests. The trial court granted this motion to suppress, and the State appeals.

Under Georgia law, *Miranda* warnings must precede a request to perform a field sobriety test only when the suspect is "in custody." *Price v. State*.[4]

> For the proscriptions of [*Miranda*, supra], to apply, a person must have been taken into custody or otherwise deprived of his freedom of action in some significant way. In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interroga-

---

[3] Foster does not appeal the admission of the results of the Intoxilyzer 5000 test, and we do not consider this issue here.

[4] *Price v. State*, 269 Ga. 222, 224 (3) (498 SE2d 262) (1998).

tion, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. Since it is undisputed that defendant in the case sub judice had not been formally arrested at the time Officer [Kinney] asked defendant to perform field sobriety tests or to submit to a breath test, the proper inquiry becomes whether he had been restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest.

(Citations and punctuation omitted.) *Sisson v. State.*[5]

In this case, contrary to Foster's arguments, he had not been restrained to the degree associated with a formal arrest at the time he was asked to submit to field sobriety testing. Although Officer Kinney admonished him at the bar that he would be arrested if he drove under the influence, Officer Kinney did not actually arrest Foster until after the field sobriety tests had been completed. Officer Kinney's admonishment to Foster at the bar did not automatically turn the subsequent stop into a custody situation from the moment that it occurred. Such a warning, standing alone, does not create an appropriate basis upon which a reasonable person would believe he was under arrest the moment that he is stopped sometime thereafter.

In our view, defendant was not in the custody of the police as that phrase has been construed. Nor was he compelled by force or threats to perform roadside field sobriety tests in violation of his right against self-incrimination as guaranteed by Art. I, Sec. I, Par. XVI of the 1983 Georgia Constitution and OCGA § 24-9-20. Thus, any recitation of individual rights guaranteed by the federal and Georgia constitutions was not necessary at the time defendant was requested to perform the field sobriety tests.

(Citation and punctuation omitted.) *Sisson,* supra.
*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 10, 2002.

---

[5] *Sisson v. State,* 232 Ga. App. 61, 67 (4) (499 SE2d 422) (1998).

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Assistant Solicitors-General,* for appellant.
*Mickey G. Roberts,* for appellee.