## A05A2225. ABRAHAMSON v. THE STATE.
(623 SE2d 764)

ELLINGTON, Judge.

A Gwinnett County jury found Julie Abrahamson guilty of driving under the influence of alcohol to the extent she was a less safe driver, OCGA § 40-6-391 (a) (1). Abrahamson appeals from the judgment of conviction, contending the trial court erred in denying her motion to suppress evidence allegedly unlawfully obtained. Finding no error, we affirm.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). So viewed, the record reveals the following.

Around 8:40 p.m. on May 3, 2003, a concerned citizen flagged down an off-duty Gwinnett County police sergeant and pointed out a driver who "was swerving all over the roadway." The sergeant followed the driver for a quarter of a mile and observed her failing to maintain her lane of travel. The sergeant activated his blue lights, but the driver did not immediately stop, traveling another quarter of a mile before she pulled over. When the sergeant walked up to the car, he found a "fairly incoherent" Julie Abrahamson sitting in the driver's seat. She was able to produce her license only after "much effort." Abrahamson had watery bloodshot eyes, smelled of an alcoholic beverage, and had slurred speech. She told the sergeant that she had been "drinking at the lake." Abrahamson then proceeded to vomit all over herself. The sergeant made sure Abrahamson could breathe, then had her remain in her car so that she "didn't stagger out into traffic." She was not handcuffed, and the driver's door was open. The sergeant radioed for an on-duty DUI officer to take over. He did not arrest Abrahamson himself. About ten to fifteen minutes later, the DUI officer arrived.

The responding DUI officer described Abrahamson as "extremely intoxicated" and opined she was the drunkest person he had ever seen. She had bloodshot watery eyes and a flushed face. The officer was "overwhelmed" by the smell of an alcoholic beverage on Abrahamson. She was so unsteady on her feet and so "nonsensical" in her

ability to communicate, the officer could not conduct field sobriety tests. Abrahamson did manage to tell the officer that she had been "drinking at the lake all day." Based on these facts, the officer concluded Abrahamson was a less safe driver. He read her the appropriate implied consent warnings; she refused a breath test. The officer placed Abrahamson under arrest and had the sergeant impound her car. An inventory search of the car revealed "empty 12 packs of beer" and an empty carton of "white Russian."

In three related enumerations of error, Abrahamson contends she was subjected to an unlawful arrest without probable cause when the sergeant had her wait fifteen minutes in her car for the DUI officer to arrive. Abrahamson argues that because she was arrested and had not been given *Miranda*[1] warnings, her statements, evidence of her inability to take field sobriety tests, and her refusal to take a breath test should have been suppressed. We disagree.

While the State is correct in arguing that the sergeant was authorized to briefly detain Abrahamson based upon reasonable articulable suspicion of criminal activity until the DUI officer arrived,[2] there is a more fundamental basis for approving of the detention. It was supported by probable cause to believe that Abrahamson was so intoxicated that she was a less safe driver.[3] The sergeant could have made an arrest himself. However, in the exercise of his discretion, he opted instead to detain Abrahamson briefly until the case could be turned over to an on-duty DUI officer. It was this officer who made the formal arrest after determining that Abrahamson was a less safe driver.

The real question before us is whether either the sergeant or the DUI officer was required to read Abrahamson *Miranda* warnings prior to the DUI officer conducting his investigation and attempting field sobriety tests. The answer to that question is, as we have said on many occasions: *Miranda* warnings are required only if the detention has ripened into a *custodial* arrest. See, e.g., *State v. Foster*, 255 Ga. App. 704 (566 SE2d 418) (2002) ("[T]he proper inquiry [is] whether

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[2] See *Lane v. State*, 248 Ga. App. 470, 473-474 (4) (545 SE2d 665) (2001), rev'd on other grounds, 274 Ga. 751 (559 SE2d 455) (2002) (officer authorized to detain suspect for 20 minutes in patrol car until witness could identify him). See also *Thomas v. Holt*, 221 Ga. App. 345, 349 (471 SE2d 300) (1996) (20 minutes is a "brief" period and did not exceed the bounds of an investigative detention under the circumstances).

[3] See *Trotter v. State*, 256 Ga. App. 330, 331-332 (1) (568 SE2d 571) (2002) ("The test of probable cause requires merely a probability – less than a certainty but more than a mere suspicion or possibility. Sufficient probable cause to conduct a DUI arrest only requires that an officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders him incapable of driving safely.") (footnote omitted).

[the defendant] had been restrained to the degree associated with a formal arrest, not whether the police had probable cause to arrest.") (citation and punctuation omitted); *Harper v. State*, 243 Ga. App. 705, 705-706 (1) (534 SE2d 157) (2000) ("not every detention is an arrest"). Because the facts of *Harper* are so similar to the ones before us, portions of that opinion bear repeating:

> The trial court found that Harper was placed in custody only after Officer Garrison[, the DUI officer,] completed his DUI investigation. The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous. The test for determining whether a person is "in custody" at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. Harper emphasizes the length of time from the traffic stop to the arrival of the DUI task force officer and argues that because of the excessive delay, his detention ripened into an arrest. . . . Officer Stewart estimates the wait was only a few minutes while Harper testified that it was approximately a half-hour, and other evidence would support a finding that the delay lasted up to an hour. We have previously held that a wait of 45 to 50 minutes from the time of a traffic stop to the commencement of an investigative search of a car did not convert the investigation into a custodial situation. Here, Harper was allowed to walk around. He was not placed in the back of the police car, nor was he handcuffed. Officer Stewart told Harper that he had called for a DUI task force officer because he was under suspicion of DUI. And although Officer Stewart told Harper that he was not free to leave while they waited for the DUI task force to arrive, *not every detention is an arrest*. Under these circumstances, a reasonable person could conclude that his freedom of action was only temporarily curtailed and that a final determination of his status was simply delayed. The trial court's finding that Harper was placed under arrest only after the field sobriety test is not clearly erroneous.

(Citations and punctuation omitted; emphasis supplied.) *Harper v. State*, 243 Ga. App. at 706 (1).

In the instant case, Abrahamson was detained for ten to fifteen minutes. She was not handcuffed. The sergeant asked that she remain in her car for her safety until the DUI officer arrived. As in *Harper*, a reasonable person could conclude that her freedom of

action was only temporarily curtailed and that a final determination of her status was simply delayed. Consequently, Abrahamson was not subjected to a custodial arrest and *Miranda* warnings were not required. We find no error.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 30, 2005.

*Jeffrey R. Sliz, Scott A. Drake*, for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Rosanna M. Szabo, Assistant Solicitors-General*, for appellee.