[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13124
Non-Argument Calendar

_____

D. C. Docket No. 05-00019-CV-6

WILLIE MATHIS,

Plaintiff-Appellant,

versus

WARDEN HUGH SMITH,
STEVE DUPREE,
FNU WASHINGTON, Sergeant,
JOHNNY SMITH,
THERESA ALLEN KING, Officer,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 17, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Willie Mathis, a pro se state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Mathis does not challenge his status as a "three-striker" under 28 U.S.C. § 1915(g) and has not paid the filing fee in full. After review, we affirm.

Mathis has a prolific filing history, having filed over forty suits in the district courts between 1990 and 2005. At least eleven of his civil rights cases were dismissed for frivolity, failure to prosecute, or pursuant to 28 U.S.C. § 1915(g). In February 2005, Mathis filed the instant suit against multiple prison officials, alleging that his life was in danger because a guard tried to kill him in December 2004 and continued to make threats against his life. His complaint then detailed assorted grievances he had with prison conditions and his treatment at the prison. In his pleadings, Mathis falsely represented that he had never had a lawsuit dismissed for frivolity, maliciousness, or failure to state a claim.

The magistrate judge noted that Mathis's complaint in this case was "typical of" and "much like his previous frivolous filings." In light of Mathis's filing history, his dishonesty regarding previous suits, and the multiple claims unrelated to imminent physical danger contained in the complaint, the magistrate judge

found that Mathis's allegation of imminent danger was so lacking in credibility that he should not be allowed to proceed in forma pauperis.  For the same reasons, the magistrate judge also recommended dismissing the complaint and barring Mathis from any future filings until he paid his full filing fee debt except (1) filings in any criminal proceeding brought against him; (2) a timely filed reconsideration motion showing why the sanction should not be applied to him; and (3) any filing that argues that Mathis has been denied access to the state courts.  The district court adopted the recommendation without comment.

On appeal, Mathis argues that the district court abused its discretion by dismissing his complaint.  Pursuant to the Prisoner Litigation Reform Act, the district "court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious . . . ."  28 U.S.C. § 1915(e)(2)(B)(i).[1]  "A claim is frivolous if it is without arguable merit either in law or fact" or when it appears that the plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  When considering the issue of frivolity, "a litigant's history of bringing unmeritorious litigation can be

---

[1]A district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  To the extent the district court relied on 28 U.S.C. § 1915(g) rather than § 1915(e)(2)(B)(i), "we may affirm the district court as long as the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court."  Ochran v. United States, 273 F.3d 1315, 1318 (11th Cir. 2001) (citation and quotation marks omitted).

considered." Id. at 1350. Moreover, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 1349 (citations omitted). Considering Mathis's litigation history, dishonesty regarding the dismissal of previous suits, and the multitude of unrelated prison grievances alleged in the complaint, we cannot say that the district court abused its discretion by dismissing the complaint as frivolous. See id. at 1349-50.

Accordingly, we affirm the district court's dismissal of Mathis's complaint.

**AFFIRMED.**