[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2006
THOMAS K. KAHN
CLERK

No. 06-11440
Non-Argument Calendar
_____

D. C. Docket No. 06-00006-CV-6

WARREN SKILLERN,

Plaintiff-Appellant,

versus

DEPUTY WARDEN PAUL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 4, 2006)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant is a Georgia prison inmate.  On February 7, 2006, the district

court, adopting as its opinion the magistrate judge's recommendation, dismissed his pro se 42 U.S.C. § 1983 complaint as barred by the "three-strikes" provision of 28 U.S.C. § 1915(g) and the fact that he "ha[d] not sufficiently demonstrated an imminent danger which would allow him to file his case *in forma pauperis.*" He appeals, contending that the deprivation of his medication may have caused him to suffer death or serious physical injury. He claims that he was not in a position to "detail [to the district court] what sort of heart medication and how life-threatening its deprivation is[,]" and common sense dictates that the deprivation of any prescribed medication "may have deadly or serious consequences." He urges us to "presume imminent danger" whenever a prisoner complains of a medical issue.[1]

As an initial matter, appellant has not disputed the district court's finding that he had filed at least three prior actions, and, thus, is a "frequent filer," subject to § 1915(g). See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004).

The Prison Litigation Reform Act ("PLRA") contains a "three-strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] Appellant also filed notices of appeal from the court's denial of his motion to reconsider and motion to "set the record straight." He does not mention these in his brief, however, and, thus, they are deemed abandoned as to any claims thereunder. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (stating that a pro se litigant abandons an issue by failing to challenge it on appeal).

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, <u>unless the prisoner is under imminent danger of serious physical injury</u>.

28 U.S.C. § 1915(g) (emphasis added). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (quotations omitted). "The purpose of the PLRA is to curtail abusive prisoner litigation." <u>Id.</u>

"The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998) (citation omitted). A prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition. <u>See</u> <u>Brown</u>, 387 F.3d at 1350.

The district court did not err by dismissing the complaint in this case. Unlike the prisoner in <u>Brown</u>, 387 F.3d at1346-47, 1349-50, who alleged specific facts about the consequences of being deprived medication for his HIV and hepatitis conditions, appellant merely has alleged that deprivation of his medication <u>may</u> result in suffering serious physical injury. He did not present any

3

description of the condition giving rise to his prescription for heart disease medication, and never alleged that he suffered any physical injury as a result of not receiving the medication. Given that the PLRA was enacted to "curtail abusive prisoner litigation," see Dupree, 284 F.3d at 1236, appellant's vague statements do not satisfy the dictates of § 1915(g). The district court's decision is therefore due to be, and is,

**AFFIRMED.**