**Edward BARBER, Plaintiff,**

v.

**UNITED STATES ATTORNEY GENERAL, et al.,**
**Defendants.**

**No. 606CV090.**

United States District Court,
S.D. Georgia,
Statesboro Division.

Nov. 2, 2006.

Edward Barber, Reidsville, GA, Pro se.

## ORDER

EDENFIELD, District Judge.

This Court announced in *Barber v. Farrakhan*, 603CV106 doc. # # 13, 16 (S.D.Ga. Orders entered 1/13/04 and 2/4/04), that inmate-plaintiff Edward Barber's recreational-litigation days have come to an end. In imposing its "28 U.S.C. § 1915(g)-*plus* remedy," the Court directed the Clerk to refuse *any* filings from Barber, who has spent years abusing the federal court system, until he first paid all of his accumulated case filing-fee debt to this Court. *Id.* doc. # 13 at 7; # 16 at 1–2. The Court expressly noted that Barber remained free to file whatever he wanted in the state courts.[1] The Court then highlighted three exceptions to its federal-court bar:

(1) filings in any criminal proceeding brought against him; (2) a timely filed reconsideration motion showing why this

---

1. State courts have concurrent jurisdiction to resolve federal constitutional claims. *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) ("Under our system of dual sovereignty, we

sanction should not be applied to him; and

(3) any filing that argues that Plaintiff has been denied access to the state courts.

*Id.* doc. # 16 at 1.[2] Barber neither moved for reconsideration nor appealed.

In *Barber v. Sikes,* 606CV005 (S.D.Ga. Complaint filed 1/9/06), Barber pled conspiracy among prison officials, that he was in "imminent danger," and that his case arose under, *inter alia,* the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.; see U.S. v. Georgia,* 546 U.S. 151, 126 S.Ct. 877, 882, 163 L.Ed.2d 650 (2006) (Title II of the ADA validly abrogates state sovereign immunity inso-far as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment). 606CV005 doc. # 1.

Of course, plaintiff clearly ignored the *Farrakhan* exceptions when he filed *Sikes.* On the face of his *Sikes* complaint form, he referenced a state court action "dealing with the same facts involved in this action," doc. # 1, but he did not represent that he had been prevented from litigating any constitutional claims there.

As this Court then ruled, Barber failed to satisfy the *Farrakhan* exceptions, so the Court

expressly warned [him] that any further filings that violate the *Farrakhan* Order

---

have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States") (cites and quotes omitted); *Thomas v. Holt,* 221 Ga.App. 345, 471 S.E.2d 300 (1996) (42 U.S.C. § 1983 claim heard in State court).

**2.** This judicially created "plus" sanction supplements 28 U.S.C. § 1915(g), which provides that in

no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As to § 1915(g)'s operation, the Eleventh Circuit recently explained that

[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit. The purpose of the PLRA is to curtail abusive prisoner litigation. The only exception to section 1915(g) is if the frequent filer prisoner is under imminent danger of serious physical injury.

*Skillern v. Paul,* 202 Fed.Appx. 343, ——, 2006 WL 2826609 at *1 (11th Cir.2006) (unpublished) (quotes and cite omitted). This Court's 1915(g)-*plus* remedy bars even "imminent danger" filings until the inmate has paid his accrued filing fee debt. This next-level remedy was upheld in *Mathis v. Smith,* 181 Fed.Appx. 808 (11th Cir.2006), though it is being reviewed in *Miller v. Donald,* No. 06–10536FF (11th Cir. appeal filed 1/9/06).

The Court's 1915(g)-*plus-plus* remedy goes even further, basically barring all filings outright:

Meanwhile, the State of Georgia (hence, [the inmate's] current warden, any successors and their staff), is granted permission to open and inspect each and every outgoing envelope from [the inmate] that is addressed to this Court (including any member of its clerical and judicial staffs) and withhold postage from any document that [is] not [a Notice of Appeal (NOA)] from this Order.

If [the inmate] uses his own resources (i.e., his own postage) to send anything besides the NOA document to this Court, the State may then be directed to block all of his mail to this Court irrespective of its content [that is known as the "§ 1915(g)-plus-plus-plus" remedy]. This "§ 1915(g) plus-plus" bar shall expire two years from the date this Order is filed. The Clerk shall serve a copy of this Order upon all Magistrate Judges in this District as well as the Attorney General of Georgia.

*Heard v. Ashcroft,* 603CV060 doc. # 8 at 2–3 (S.D.Ga.2003) (footnote omitted) (unpublished).

shall enable "§ 1915(g)-*plus-plus*" treatment, under which prison officials shall be authorized to open all of his outgoing mail and physically block any further Barber mailings of any kind to this Court. *See Heard v. Ashcroft*, 603CV060 doc. # 8 (S.D.Ga. Order entered 6/6/03).

*Sikes*, doc. # 3 at 2 (Order entered 1/30/06).

With that warning, the Court halted Barber's latest assault on the federal judiciary and directed the Clerk to continue to refer all Barber filings exclusively to the undersigned. *Id.*

Meanwhile, Barber had filed another case in the Northern District of Georgia, 1:05–CV–3242–JEC doc. # 1 (N.D.Ga. Complaint filed 12/21/05), again raising ADA claims. *Id.* at 8. That court transferred the case here. *See Barber v. Purdue*, 606CV028 doc. # 12 (S.D.Ga. Order entered 4/18/06). Unsurprisingly, Barber responded by moving this Court to change venue back to the Northern District. Doc. # # 7, 8, 9. He also moved to reconsider the Northern District's transfer, then he sought a "full court" consideration. Doc. # 10.

Given the timing of this Court's previous "plus-plus" warning in *Sikes* (1/30/06) and Barber's 12/21/05 Northern District filing, it could not then be said that he directly defied *that* warning, though he surely failed to meet the Court's *Farrakhan* exceptions (his *Perdue* Complaint made *no* effort to satisfy, much less acknowledge them). Thus, the proper remedy at that time was to dismiss *Perdue* with prejudice as a sanction for violating the Court's *Farrakhan* Order. Doc. # 12 at 2. But the Court then expressly warned Barber: "[T]he next Barber filing that violates *Farrakhan*, *Sikes* and now this (*Perdue*) Order shall position Barber for 'plus-plus' treatment." *Id.*

The Court also warned other judges and magistrate judges in this district that Barber was on the Court's "28 U.S.C. § 1915(g)-plus watch list." *Id.; see also Shaw v. Dodson*, 2006 WL 950038 (S.D.Ga. 2006) (unpublished).

With this latest filing Barber has crossed into plus-*plus* territory. 606CV090, doc. # 1. Cynically, he once again sent an attempted lawsuit to another district to evade this Court's § 1915(g) protective net. This time he sued the U.S. Attorney General and others in the U.S. District Court for the District of Columbia. *Id.* He thus banked on that court's understandable ignorance of this Court's *plus* Orders. The DC court promptly transferred the matter back to this Court. *Id.*, doc. # 3. There can be no question that Barber has knowingly violated this Court's *Perdue* Order.

Accordingly, under § 1915(g) and this Court's inherent power to manage and protect its docket[3] so as to ensure the public's access to the courts,[4] this case is ***DISMISSED WITH PREJUDICE*** and

---

3. *See, e.g. Hand v. Unum Provident Corp.*, 202 Fed.Appx. 343, ——, 2006 WL 2918890 at *4 (5th Cir.2006) (unpublished) ("A district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases"); *Prevot v. Prevot*, 59 F.3d 556, 565 (6th Cir. 1995) (recounting bases of district court's inherent power).

4. What Congress overlooked with § 1915(g) is this: It does not prevent inmates with zero dollars in their inmate accounts from filing— with paper and stamps supplied by the taxpayers—hundreds of lawsuits *every day* if they choose. All one need do is fabricate an imminent danger, swearing-match based (hence automatic jury trial) set of allegations (*e.g.*, "Guard X has repeatedly beat me senseless, and he said he's going to keep doing it again and again!"). The only limit is the inmate's imagination, however pornographic that might be. *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir.) (prisoner stated a § 1983 claim for violation of his privacy

the State of Georgia (hence, Edward Barber's current warden, any successors and their staff), is granted permission to open and inspect each and every outgoing envelope from Barber that is addressed to this Court (including any member of its clerical and judicial staffs) and withhold postage from any document that is not a Notice of Appeal (NOA) from this Order.[5]

If Barber uses his own resources (*i.e.*, his own postage) to send anything besides the NOA document to this Court, the State may then be directed to block all of his

mail to this Court irrespective of its content (that is known as the " § 1915(g)-plus-plus-plus" remedy).

This " § 1915(g) plus-plus" bar shall expire two years from the date this Order is filed. The Clerk shall serve a copy of this Order upon all Magistrate Judges in this District as well as the Attorney General of Georgia.

---

rights where he alleged that he was forced to strip and masturbate for female guard's entertainment; however, claim dismissed as *de minimis* injury), *reh'g en banc denied*, 459 F.3d 1114 (11th Cir.2006). It is in this sense that § 1915(g) was obsolete the day it was enacted. Convicted criminals who flood courts with *taxpayer-subsidized* trash filings create judicial logjams, impeding access to courts for those actually in need of judicial attention. Hence, this Court crafted its "plus" remedies.

**5.** The Court has reviewed its docket; Barber has no other active cases with this Court. All are closed.